UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

# 17 CV 4557

-------------------------------------------------------------------X

TYRONE HOLMES,

                                Plaintiff,

    - against -

APPLE INC.,
AMAZON.COM, LLC, and
CHECKPOINT FLUIDIC SYSTEMS
INTERNATIONAL, LTD.,

                               Defendants.

-------------------------------------------------------------------X

No. 17-cv-

**COMPLAINT**

JURY TRIAL DEMANDED

    PLEASE TAKE NOTICE, that Plaintiff Pro Se, Tyrone Holmes, respectfully alleges as follows:

## PARTIES AND JURISDICTION

1.     The United States District Court has jurisdiction over this matter based upon diversity of citizenship, pursuant to 28 U.S.C. § 1332, as this matter is a dispute between the plaintiff, a citizen of New York, and defendants:  APPLE INC., a California corporation; AMAZON.COM, LLC, a Delaware limited liability company; and CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD., a Texas partnership. Additionally, the amount in controversy exceeds seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.     Plaintiff, TYRONE HOLMES, is a natural person who currently resides, and at all times material hereto resided, in the County of Bronx, State of New York.

3.     Defendant is APPLE, INC., doing business at 1 Infinite Loop, Cupertino, CA 95014, and incorporated in the state of California.

4.     That at all times hereinafter mentioned, Defendant, APPLE INC., was and is a foreign

corporation duly authorized to conduct business within the State of New York.

5.      That at all times hereinafter mentioned, Defendant, APPLE, INC., maintained an

office and/or owned real property within the State of New York.

6.      That at all times hereinafter mentioned, Defendant, APPLE, INC., solicited, conducted

and derived substantial business from within the State of New York.

7.      Defendant is AMAZON.COM, LLC, doing business at 410 Terry Ave. North, Seattle,

WA 98109-5210, and formed as an LLC in the state of Delaware.

8.      That at all times hereinafter mentioned, Defendant, AMAZON.COM, LLC, was and is

a foreign limited liability company duly authorized to conduct business within the

State of New York.

9.      That at all times hereinafter mentioned, Defendant, AMAZON.COM, LLC, maintained

an office and/or owned real property within the State of New York.

10.     That at all times hereinafter mentioned, Defendant, AMAZON.COM, LLC, solicited,

conducted and derived substantial business from within the State of New York.

11.     Defendant is CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD., doing

business at 21356 Marion Ln., Mandeville, LA 70471, and formed as a partnership in

the State of Texas.

12.     That at all times hereinafter mentioned, Defendant, CHECKPOINT FLUIDIC

SYSTEMS INTERNATIONAL, LTD., was and is a foreign limited liability

partnership duly authorized to conduct business within the State of New York.

13.     That at all times hereinafter mentioned, Defendant, CHECKPOINT FLUIDIC

SYSTEMS INTERNATIONAL, LTD., maintained an office and/or owned real

property within the State of New York.

14.  That at all times hereinafter mentioned, Defendant, CHECKPOINT FLUIDIC

SYSTEMS INTERNATIONAL, LTD., solicited, conducted and derived substantial

business from within the State of New York.


## INTRODUCTORY STATEMENT

Plaintiff, Tyrone Holmes, is and was an innocent purchaser of a laptop computer,

advertised as brand new and made and sold by Apple, the largest computer company in

the world, to Amazon, one of the largest companies in the word, which then sold it to

plaintiff. Plaintiff Holmes had every expectation, at law and otherwise, that the

consumer product he purchased was new and defect-free. It proved to be on the

contrary, a pre-owned machine, owned by a Louisiana pump company who was upon

information and belief, a contractor for the government of the United States of

America, Department of Defense. It also became known upon information and belief

that the prior owner of the laptop, Apple and/or Checkpoint Fluidic Systems

International, installed surveillance, tracking, and management information software,

capable of tracking oil drilling, oil well output, oil refining output, oil pipeline

transportation as well as the whereabouts of any user of the laptop and other statistics

important to the Department of Defense and/or the oil industry for exploring, drilling,

refining, and transporting, especially in connection with oil production and refining

activity in the Arab Gulf states.  Upon information and belief, the laptop was not meant

to be released from the company, and as a result of the computer leaving its custody

and into the chain of commerce, Plaintiff was caused to suffer injury from a series of

bizarre events: 1. The company used the surveillance software to track Tyrone Holmes,

in New York City; 2. the company reported the plaintiff's operation of the computer as a theft to the NYPD; 3. NYPD aggressively and zealously hunted down the plaintiff, threatened him with arrest even though no criminal complaint was filed, no affidavit was signed, and no DOD, FBI or Justice Dept. investigation occurred for this interstate matter involving the federal government. As a result of this bizarre fact pattern and an NYPD's detective's threats and harassment, Plaintiff, a church pastor with no criminal record, was caused to suffer, and continues to suffer from extreme stress and emotional trauma related to this incident and suffers mental stress, anguish, and anxiety on a daily basis.  Also as a result of the aforementioned series of events Plaintiff was also caused to suffer immeasurable damage to his personal and professional reputation, damage to his personal and professional relationships and loss of business opportunities. Plaintiff still has not been reimbursed for the subject device.

## FACTS

15.   Upon information and belief, Defendant, APPLE, INC., is and at all times material hereto was a manufacturer of electronics, computers, and related products.

16.   Upon information and belief, Defendant, APPLE, INC., does market and at all times material hereto has marketed electronics, computers, and related products throughout the United States and internationally.

17.   Defendant, APPLE, INC., has gained favorable reputation in the field of manufacturing and supplying electronics, computers and related products.

18.   Upon information and belief, Defendant, AMAZON.COM LLC, is and at all times material hereto was a retailer of electronics, computers, and related products.

19.   Upon information and belief, Defendant, AMAZON.COM LLC, does market and at all

times material hereto has marketed electronics, computers, and related products throughout the United States and internationally.

20.   Defendant, AMAZON.COM LLC, has gained favorable reputation in the field of selling and supplying electronics, computers and related products.

21.   On or about June 22, 2016, Plaintiff, TYRONE HOLMES, through Defendant, AMAZON.COM, LLC, purchased an Apple Macbook Pro MJLQ2LL/A 15-inch Laptop with Serial Number C02RQ1T3G8WN advertised as "brand new" manufactured by Defendant, APPLE, INC., and Plaintiff purchased an AppleCare Protection Plan for the aforementioned Apple Macbook Pro. (A printed screen shot of the purchased computer as advertised and purchase confirmation is annexed hereto as Exhibit A and made part hereof.)

22.   Plaintiff, TYRONE HOLMES, paid valuable consideration for the aforementioned Apple Macbook Pro and AppleCare Protection Plan. The aforementioned Apple Macbook Pro Computer and AppleCare Protection Plan shall hereinafter be referred to as the "Defective Products".

23.   In soliciting and selling the Defective Products to Plaintiff, TYRONE HOLMES, Defendant, APPLE, INC., made various representations to the Plaintiff concerning the Defective Products including but not limited to the following:

a.   The products were new.

b.   The products were free from all defects.

c.   The products contained no spyware or malware.

d.   Plaintiffs would not be kept under surveillance as a result of purchasing the products.

24.  In soliciting and selling the Defective Products to Plaintiff, TYRONE HOLMES, Defendant, AMAZON.COM LLC, made various representations to the Plaintiff concerning the Defective Products including but not limited to the following:

   a.   The products were new.

   b.   The products were free from all defects.

   c.   The products contained no spyware or malware.

   d.   Plaintiffs would not be kept under surveillance as a result of purchasing the products.

25.  Defendant, APPLE, INC., represented to Plaintiff, TYRONE HOLMES, that Defendant, APPLE, INC., was a leader and had a favorable reputation in the electronics, computers and other related product industries. In purchasing the Defective Products, Plaintiff relied extensively upon the favorable reputation of Defendant, APPLE, INC.

26.  In soliciting the sale of the Defective Product, APPLE, INC., and/or its agents, and representatives distributed advertising and/or marketing materials, designed to attract the Plaintiff to purchase the Defective Products. In purchasing the Defective Products, Plaintiff relied extensively upon said advertising and/or marketing materials.

27.  Defendant, APPLE, INC., represented to plaintiff that it would stand behind its electronics, computers and related products if they failed to perform or were otherwise defective.

28.  Defendant, AMAZON.COM LLC, represented to Plaintiff, TYRONE HOLMES, that Defendant, AMAZON.COM LLC, was a leader and had a favorable reputation in the electronics, computers and other related product industries. In purchasing the

Defective Products, Plaintiff relied extensively upon the favorable reputation of Defendant, AMAZON.COM LLC.

29.   In soliciting the sale of the Defective Product, AMAZON.COM LLC, and/or its agents, and representatives distributed advertising and/or marketing materials, designed to attract the Plaintiff to purchase the Defective Products. In purchasing the Defective Products, Plaintiff relied extensively upon said advertising and/or marketing materials.

30.   Defendant, AMAZON.COM LLC, represented to plaintiff that it would stand behind its electronics, computers and related products if they failed to perform or were otherwise defective.

31.   Plaintiff, in reliance on the above representations, purchased, for valuable consideration, the Defective Products.

32.   Plaintiff, in reliance upon the above representations, paid a premium for the Defective Products in that Plaintiff paid more for the Defective Products than he otherwise would have paid, but for the aforementioned representations.

33.   On or about June 23, 2016, following the purchase of the Defective Products through Defendant, AMAZON, LLC'S website, the Defective Products were delivered to the Plaintiff's residence.

34.   Upon information and belief, on or about September 8, 2016, Detective Rodrigo Caballero of the New York City Police Department Central Investigations Division, along with several other plain clothes officers, arrived at Plaintiff's residence.

35.   Upon information and belief Detective Caballero spoke with Plaintiff's neighbors and inquired about Plaintiff's whereabouts.

36.   On or about September 9, 2016, Detective Rodrigo Caballero telephoned Plaintiff and

inform him that he was in possession of a Macbook computer containing sensitive government spy software belonging to the Department of Defense, and that that he along with other officers were in front of Plaintiff's residence for the purpose of retrieving the subject device.

37. On or about September 9, 2016, Plaintiff explained to Detective Caballero that he was not at home but rather was in the midst of performing at a funeral service and could not assist the officer at that time.

38. On or about September 10, 2016, Detective Rodrigo Caballero again contacted Plaintiff demanding the return of the aforementioned Macbook Computer. Plaintiff informed Detective Caballero that he was not in possession of the computer because he had given it to his estranged wife, whose whereabouts were unknown to him.

39. On or about September 10, 2016 through on or about September 12, 2016, Plaintiff continued to receive phone calls from Detective Caballero demanding the return of the computer and threatened Plaintiff with arrest if Plaintiff did not comply with his demands.

40. On or about September 12, 2016, due to the increasingly threatening nature of the communications from Detective Caballero, Plaintiff retained counsel.

41. Upon information and belief, on or about September 12, 2016, Plaintiff's counsel spoke by phone with Detective Caballero, and was informed that the Detective worked for the Central Investigations Division of the New York Police Department, and that the computer purchased by Plaintiff belonged to Defendant, CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD., a U.S. Department of Defense Contractor.

42. Upon information and belief, on or about September 12, 2016, Detective Caballero

informed Plaintiff's counsel that the Defective Products contained sensitive

surveillance software and that the computer as outfitted and designed, was intended to

be shipped to Dubai.

43.   Upon information and belief, on or about September 12, 2016, the Detective concluded

his conversation with Plaintiff's counsel by stating to Plaintiff's counsel that if

necessary, he had the authority to arrest the Plaintiff, if the device was not returned.

44.   Upon information and belief on or about September 12, 2016, in response to Plaintiff's

counsel's demand for verification of the Detective's allegations, Plaintiff's counsel

received an email from Detective Caballero containing a letter from, Vice President of

Operations for  Defendant, CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL,

LTD. The letter informed Plaintiff's counsel that Defendant's security department had

tracked the subject device since leaving its facility and has ascertained information

proving that Plaintiff was in possession of its equipment. (Letter from Checkpoint

Pumps & Systems is annexed hereto as Exhibit B and made part hereof).

45.   Upon information and belief, the correspondence from Defendant, CHECKPOINT

FLUIDIC SYSTEMS INTERNATIONAL, LTD., further stated that it would not

pursue legal action only if the subject equipment was returned immediately, in its

original condition, complete with all original parts and pieces.

46.   The correspondence indicated that as a further condition, Defendant, CHECKPOINT

FLUIDIC SYSTEMS INTERNATIONAL, LTD., required that the matter only be

resolved through Detective Caballero of the NYPD and that Plaintiff's counsel

withhold Defendant, CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD.,

identity from Plaintiff.

47. On September 13, at Plaintiff's counsel's request, Detective Caballero emailed Plaintiff's counsel confirmation of the make model and serial number of subject computer as the one purchased by Plaintiff. A printed screen shot of the purchased computer is annexed hereto as Exhibit C and made part hereof).

48. Upon information and belief, from on or about, September 12, 2016 through on or about, September 21, 2016, Plaintiff's counsel continued to communicate with Detective Caballero regarding the location of the subject device, each time to Plaintiff's dismay, relaying the sum and substance of the communications to Plaintiff including the threats by law enforcement to arrest plaintiff.

49. From on or about, September 12, 2016 through on or about, September 21, 2016, under the threat of arrest, Plaintiff attempted to communicate with his estranged wife via phone and email to facilitate the return of the computer and thereby avoid arrest.

50. Upon information and belief, on or about, September 21, 2016, Plaintiff's counsel instructed Detective Caballero via email that Plaintiff,  had who had no criminal history, acquired the computer through legal means and that he had done all he can to assist the NYPD with its return. Plaintiff's counsel concluded by advising the Detective to refrain from contacting the Plaintiff any further.

51. Upon information and belief, on or about, September 21, 2016, Plaintiff's attorney was instructed by Detective Caballero via email that Detective Caballero was going to proceed with an arrest of the Plaintiff for the crime of Criminal Possession of Stolen Property in the 4th Degree, and that Plaintiff must surrender to the 047 precinct on September 22, 2016 at 1:00 PM. (Copy of email regarding Plaintiff's arrest is annexed hereto as Exhibit D and made part hereof).

for its return.

65.    Upon information and belief, upon retrieving the subject device, detective Caballero signed and provided for Plaintiff's attorney a receipt indicating such receipt. (Receipt is annexed hereto as Exhibit E and made part hereof).

66.    As a result of the events which are the subject of this complaint, Plaintiff missed critical employment opportunities and was unable to fulfill many contractual obligations and responsibilities.

67.    Upon information and belief, at all times prior to Plaintiff's purchase of the Defective Products, Defendants knew or should have known that the Defective Products were, in fact, defective.

68.    Upon information and belief, at all times after Plaintiff's purchased the Defective Products, but before Plaintiff was contacted by the New York City Police Department, Defendants knew or should have known that the Defective Products were, in fact, defective.

69.    At all times material hereto, Defendants failed to notify Plaintiff of the defective nature of the Defective Products.

70.    At all times material hereto, Defendants concealed material information, including but not limited to the defective nature of the Defective Products, from the Plaintiff.

71.    Defendants' failure to notify the Plaintiff and concealment regarding the defective nature of the Defective Products prevented Plaintiff from making informed decisions with respect to the purchase of the Defective Products and prevented and frustrated measures which could and would have been made by Plaintiff to mitigate his damages.

72.    The Defective Products purchased by the plaintiff did not perform as intended and/or

represented.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS, APPLE, INC., AND AMAZON.COM, LLC, FOR BREACH OF CONTRACT

73. Plaintiff repeats and re-alleges each and every allegation as previously set forth herein.

74. On or about June 22, 2016, Defendants, APPLE, INC. and AMAZON.COM, LLC, contracted to provide Plaintiff, for valuable consideration, a suitable brand new Apple Macbook Pro MJLQ2LL/A 15-inch Laptop, free from defects, and to deliver said Laptop to the Plaintiff's residence.

75. Plaintiff performed all contractual obligations on his part to be performed.

76. Defendants, APPLE, INC. and AMAZON.COM, LLC, manufactured, sold and/or delivered, the aforementioned Apple Macbook Pro MJLQ2LL/A 15-inch Laptop, in a defective manner, such that the supposedly brand new computer contained sensitive spy software, installed by Defendant, CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD., allowing Defendants to track Plaintiff's activities for several months.

77. Defendants, APPLE, INC. and AMAZON.COM, LLC's, defective performance constitutes a material breach of the Agreements.

78. Defendants, APPLE, INC. and AMAZON.COM, LLC's, further breached their contract by refusing to act in good faith and deal fairly with the Plaintiff and in otherwise breaching the various duties owed to the Plaintiff by the Defendants.

79. As a direct and proximate result of Defendants breach, Plaintiff has been caused to suffer damages in excess of seventy-five thousand dollars ($75,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS, APPLE, INC., AND AMAZON.COM, LLC, FOR BREACH OF EXPRESS WARRANTY

80. Plaintiff repeats and re-alleges each and every allegation as previously set forth herein.

81.  Defendants, APPLE INC and AMAZON.COM, LLC, warranted and represented the Plaintiff, that among other things, the Defective Products were brand-new, that said Defective Products were free from any and all spy software capable of tracking Plaintiff's activities, and that Defendants, APPLE, INC. and AMAZON.COM, LLC, had good and marketable title to the Defective Products.

82.  Plaintiff relied upon the aforesaid express warranty and representations by Defendants, APPLE, INC. and AMAZON.COM, LLC, and would not have purchased the Defective Products but for the express warranty and representations.

83.  Contrary to Defendants, APPLE, INC. and AMAZON.COM, LLC, express warranty and representations, the Defective Products were defective, in that, among other things, the aforementioned Apple Macbook Pro MJLQ2LL/A 15-inch Laptop was not brand-new, the aforementioned Apple Macbook Pro MJLQ2LL/A 15-inch Laptop contained spy software capable of tracking Plaintiff's activities, and the Defendants, APPLE, INC. and AMAZON.COM, LLC, did not have marketable title to the Defective Products.

84.  Within a reasonable time after Plaintiff learned of the aforementioned breaches by Defendants, APPLE, INC. and AMAZON.COM, LLC, plaintiff notified Defendants of the breaches of the express warranty.

85.  Despite notice and demand duly made, Defendants failed and/or refused to repair or replace the Defective Products.

86.  Due to Defendants, APPLE, INC. and AMAZON.COM, LLC's, breach of the express warranty, Plaintiff has been damaged in an amount in excess of seventy-five thousand dollars ($75,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS, APPLE, INC., AND AMAZON.COM, LLC, FOR BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

87.   Plaintiff repeats and re-alleges each and every allegation as previously set forth herein.

88.   At all times material hereto, Defendants, APPLE, INC. and AMAZON.COM, LLC, were merchants with respect to the manufacture and/or sale of electronics, computers, and related products they manufactured and sold to Plaintiff. Defendants, APPLE, INC. and AMAZON.COM, LLC, impliedly warranted that the Defective Products sold to the Plaintiff were merchantable, i.e., fit for the ordinary purposes for which such electronics, computers, and related products are generally used.

89.   The Defective Products were defective in that they improperly contained spy software capable of tracking all of Plaintiff's activities, and have caused Plaintiff to suffer damages. Defendants, APPLE, INC. and AMAZON.COM, LLC's, sale of the Defective Products to Plaintiff constitutes a breach of the implied warranty of merchantability.

90.   Despite notice and demand duly made, Defendants, APPLE, INC. and AMAZON.COM, LLC, failed to comply with its obligations under the implied warranty of merchantability in that it has failed and/or refused to replace the Defective Products, or to otherwise pay amounts required to remedy the condition caused by the Defective Products. Such failures and/or refusals constitute a further breach by Defendants, APPLE, INC. and AMAZON.COM, LLC.

91.   Due to Defendants, APPLE INC and AMAZON.COM, LLC, breach of the implied warranty of merchantability, Plaintiff has been damaged in excess of seventy-five thousand dollars ($75,000.00).

**AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, APPLE, INC., AMAZON.COM, LLC AND CHECKPOINT FLUIDIC SYSTEMS INT'L, FOR NEGLIGENCE**

92.   Plaintiff repeats and re-alleges each and every allegation as previously set forth herein.

93.   At all times material hereto, Defendants had a duty to provide Plaintiff with a brand-new Macbook Pro MJLQ2LL/A 15-inch Laptop, which did not contain spy software capable of tracking Plaintiff's activities, to not track Plaintiff's activities over the course of several months, to provide Plaintiff with a computer to which Defendants had good and marketable title, and to not have plaintiff harassed by the New York City Police Department as result of the purchase of the aforementioned Macbook Pro MJLQ2LL/A 15-inch Laptop.

94.   Defendants, APPLE, INC., AMAZON.COM, LLC and CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD., wrongfully provided the plaintiff with a computer that was not reasonably safe and/or which permitted plaintiff's activities to be tracked over several months, and permitted plaintiff to be harassed by the New York City Police Department over the course of several months.

95.   Defendants, APPLE, INC., AMAZON.COM, LLC and CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD., were negligent in designing, manufacturing, advertising, selling, controlling, formulating, distributing, and in failing to warn the plaintiff of the quality and characteristic of the Defective Products which made them unsafe and/or unsuitable for use.

96.   As a direct and proximate result of APPLE, INC., AMAZON.COM, LLC AND CHECKPOINT FLUIDIC SYSTEMS INTERNATIONAL, LTD.'s, negligence, the plaintiff sustained, continues to sustain, and will sustain substantial direct and/or

consequential damages in excess of seventy-five thousand dollars ($75,000.00).

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS, APPLE, INC., AND AMAZON.COM, LLC, FOR STRICT LIABILITY

97.   Plaintiff repeats and re alleges each and every allegation as previously set forth herein.

98.   Upon information and belief, Defendant, APPLE, INC., is a merchant in the business of manufacturing and selling electronics, computers, and related products.

99.   Upon information and belief, Defendant, AMAZON.COM, LLC, is a merchant in the business of selling electronics, computers, and related products.

100.  The Defective Products sold to Plaintiff were expected to and did reach plaintiff without substantial change in the condition in which they were sold.

101.  The Defective Products sold by AMAZON.COM, LLC and APPLE, INC., to plaintiff, were in a defective condition unreasonably dangerous to the plaintiff.

102.  The defects in the Defective Products sold to plaintiff caused plaintiff's movements to be tracked over the course of several months, and caused plaintiff to be threatened with arrest over the course of several months.

103.  As a direct and proximate result of the defective condition of the Defective Products, plaintiff sustained, continues to sustain, and will sustain substantial direct and/or consequential damages in excess of seventy-five thousand dollars ($75,000.00).

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANTS, APPLE, INC. AND AMAZON.COM, LLC, FOR FRAUDULENT CONCEALMENT

104.  Plaintiff repeats and re-alleges each and every allegation as previously set forth herein.

105.  At all relevant times, Defendant, APPLE, INC., had full knowledge of the defects in the Defective Products sold to plaintiff.

106.  At all relevant times, Defendant, AMAZON.COM, LLC, had full knowledge of the

defects in the Defective Products sold to plaintiff.

107.   At all relevant times, plaintiff did not know and did not have reason to know of the

defects in the Defective Products sold to plaintiff by Defendants, APPLE, INC. and

AMAZON.COM, LLC.

108.   At all relevant times, Defendants, APPLE, INC. and AMAZON.COM, LLC, failed to

notify plaintiff of the defects in the Defective Products it sold to Plaintiff.

109.   Defendants, APPLE, INC. and AMAZON.COM, LLC, had the duty to supply plaintiff

with fair, objective information regarding the Defective Products sold to plaintiff by

Defendants, APPLE, INC. and AMAZON.COM, LLC.

110.   Upon information and belief, Defendants, APPLE, INC. and AMAZON.COM, LLC,

had undertaken active measures to conceal the defective nature of the Defective

Products from plaintiff.

111.   Upon information and belief, Defendants, APPLE, INC. and AMAZON.COM, LLC,

had taken active measures to conceal the plaintiff's claims against Defendants, APPLE,

INC. and AMAZON.COM, LLC, including, but not necessarily limited to, having the

New York City Police Department confiscate the Defective Products from plaintiff.

112.   Defendants, APPLE, INC. and AMAZON.COM, LLC, concealment as aforesaid

prevented and frustrated measures which could and would have been made by plaintiff

to mitigate damages.

113.   As a result of these actions by Defendants, APPLE, INC. and AMAZON.COM, LLC,

plaintiff has acted to his detriment in that, among other things, he did not commence

suit against Defendants prior to this time.

114.   As a direct and proximate result of the defective condition of the Defective Products,

plaintiff sustained, continues to sustain, and will sustain substantial direct and/or

consequential damages in excess of seventy-five thousand dollars ($75,000.00).

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS, APPLE, INC. AND AMAZON.COM, LLC, FOR FRAUD IN THE INDUCEMENT AND MISRPRESENTATION

115.  Plaintiff repeats and re-alleges each and every allegation as previously set forth herein.

116.  Defendants, APPLE, INC. and AMAZON.COM, LLC, knew, or in the exercise of due

care should have known, that the above representations of past and/or existing facts

made to plaintiff were false, untrue and/or misleading and/or made such

representations as affirmations of which it had knowledge. Said representations, in

fact, were false.

117.  Defendants, APPLE, INC. and AMAZON.COM, LLC, knew or in the exercise of due

care should have known, that plaintiff would rely upon such misrepresentations in

purchasing the Defective Products. Alternatively, Defendants, APPLE, INC. and

AMAZON.COM, LLC, made such representations under such circumstances that

plaintiff would be justified in acting in reliance thereon.

118.  Defendants, APPLE, INC. and AMAZON.COM, LLC, failure to notify and

concealment from plaintiff of the defective nature of the Defective Products prior to

plaintiff's purchase of the Defective Products prevented the plaintiff from making

informed business decisions. If the plaintiff was aware that the Defective Products

were defective, he would not have purchased said Defective Products.

119.  Plaintiff justifiably relied to plaintiff's detriment upon the above fraudulent and/or

negligent misrepresentations and as a direct and proximate result thereof has sustained

and continue to sustain direct and/or consequential damages in excess of seventy-five

thousand dollars ($75,000.00).

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANTS, APPLE, INC., AND AMAZON.COM, LLC, FOR FALSE ADVERTISING AND UNFAIR BUSINESS PRACTICE

120.  Plaintiff repeats and re-alleges each and every allegation as previously set forth herein.

121.  Defendants, APPLE, INC. and AMAZON.COM, LLC, violated NY General Business Law §§ 349 et seq., by, among other things, disseminating advertisements which contained materially untrue, deceptive and/or misleading misrepresentations, and by engaging in practices which were designed and/or had the capacity to deceive the plaintiff, regarding the characteristics of Defendants electronics, computers, and related products.

122.  As a direct and proximate result of Defendants', APPLE, INC.'s and AMAZON.COM, LLC's, violation of NY General Business Law §§ 349, et seq.,  plaintiffs have sustained and continue to sustain direct and/or consequential damages in excess of seventy-five thousand dollars ($75,000.00).

123.  That by reason of the foregoing, the Plaintiff has suffered damages and requests an award of money damages in a sum in excess of seventy-five thousand dollars ($75,000.00).

124.  WHEREFORE, Plaintiff demands that judgment be entered in his favor and against the Defendants, and that damages in a sum in excess of seventy-five thousand dollars ($75,000.00 be awarded, together with interest, costs and disbursements of this action, and any other relief this Court deems just and proper.

Dated:    Bronx, New York

May 16, 2017

By: _____

TYRONE HOLMES

Plaintiff, Pro Se

1465 Hammersley Avenue

Bronx, NY 10469

EXHIBIT A

amazon
Prime

NEW & INTERESTING FINDS ON AMAZON

EXPLORE

Hello, Tyrone
Account & Lists ▾   Orders ▾   Prime ▾   Cart

Prime Video
Instant streaming of movies and TV shows
Start streaming ›

Departments ▾   Compuers ▾   Browsing History ▾   Tyrone's Amazon.com   Today's Deals   Gift Cards & Registry   Sell   Help

Computers   Laptops ▾   Tablets   Desktops   Monitors ▾   Computer Accessories   PC Components   PC Gaming ▾   All Electronics

Electronics ▸ Computers & Accessories ▸ Computers & Tablets ▸ Laptops ▸ Traditional Laptops



(i) You purchased this item on, June 22, 2016.
Style: 15.4-inch | Size: 256 GB | View this order

Roll over image to zoom in

## Apple Macbook Pro MJLQ2LL/A 15-inch Laptop (2.2 GHz Intel Core i7 Processor, 16GB RAM, 256 GB SSD, Mac OS X)
by Apple
★★★★★ ▾   1,146 customer reviews | 921 answered questions

**Note:** This item is only available from third-party sellers (see all offers)

Available from these sellers.

Style: 15.4-inch

Size: 256 GB

| 256 GB | 512 GB |

| 13.3-inch | 13.3-inch + Mouse | 15.4-inch | 15.4-inch + Mouse |

- 2.2GHz quad-core Intel Core i7
- Turbo Boost up to 3.4GHz
- 16GB 1600MHz memory
- 256GB PCIe-based flash storage
- Intel Iris Pro Graphics
- See more product details

Used & new (26) from $1,212.00 + $8.99 shipping

☐ Report incorrect product information

### There is a newer model of this item:

Apple MacBook Pro MLW72LL/A 15.4-inch Laptop with Touch Bar (2.6GHz quad-core Intel Core i7, 256GB Retina Display), Silver
$2,249.00
★★★★☆ (125)
In Stock.

**Amazon's Choice**
Amazon is taking the guesswork out of shopping.
Find computer products that fit your needs. Learn more

Share ☑ ⓕ ⓦ ⓟ   570+ Shares

See All Buying Options

Add to List
...

Have one to sell?   Sell on Amazon

Microsoft Office 365 Home | 1 year subscription, 5 users, PC/Mac Downl...
★★★★☆ 1,592
$99.00

Office

Save on Word, Excel, PowerPoint when you buy a Mac

Ad feedback ☐

## Frequently Bought Together

+   +

Total price: $1,924.98
Add all three to Cart
Add all three to List


amazon.com

## Final Details for Order #114-4339387-0045844
### Print this page for your records.

**Order Placed:** June 22, 2016
**Amazon.com order number:** 114-4339387-0045844
**Order Total: $2,351.12**

## Shipped on June 22, 2016

**Items Ordered**                                                                     **Price**
1 of: *AppleCare Protection Plan for Mac Laptops 15 Inches and Above (NEWEST*          $345.50
*VERSION)*
Sold by: Amazon.com LLC

Condition: New

**Shipping Address:**                                    Item(s) Subtotal:    $345.50
Tyrone Holmes                                        Shipping & Handling:      $3.99
1465 HAMMERSLEY AVE OUTSIDE RV                                                -----
BRONX, NY 10469-3024                                   Total before tax:    $349.49
United States                                                 Sales Tax:     $31.01
                                                                             -----
**Shipping Speed:**                          **Total for This Shipment: $380.50**
One-Day Shipping                                                             -----

## Shipped on June 22, 2016

**Items Ordered**                                                                     **Price**
1 of: *Apple Macbook Pro MJLQ2LL/A 15-inch Laptop (2.2 GHz Intel Core i7*            $1,799.99
*Processor, 16GB RAM, 256 GB Hard Drive, Mac OS X)*
Sold by: Amazon.com LLC

Condition: New

**Shipping Address:**                                    Item(s) Subtotal:  $1,799.99
Tyrone Holmes                                        Shipping & Handling:      $9.99
1465 HAMMERSLEY AVE OUTSIDE RV                                                -----
BRONX, NY 10469-3024                                   Total before tax:  $1,809.98
United States                                                 Sales Tax:    $160.64
                                                                             -----
**Shipping Speed:**                          **Total for This Shipment: $1,970.62**
One-Day Shipping                                                             -----

## Payment information

**Payment Method:**

Visa | Last digits: 5528

**Billing address**
TYRONE HOLMES
4457 PARK AVE
BRONX, NY 10457
United States

**Credit Card transactions**

| | |
|---|---|
| Item(s) Subtotal: | $2,145.49 |
| Shipping & Handling: | $13.98 |
| | ----- |
| Total before tax: | $2,159.47 |
| Estimated tax to be collected: | $191.65 |
| | ----- |
| **Grand Total:** | **$2,351.12** |

Visa ending in 5528: June 22, 2016: $1,970.62
Visa ending in 5528: June 22, 2016:  $380.50

To view the status of your order, return to Order Summary.

Conditions of Use | Privacy Notice © 1996-2016, Amazon.com, Inc. or its affiliates

EXHIBIT B



**CHECKPOINT**
PUMPS & SYSTEMS
www.cppumps.com

***Mandeville, US***
21356 Marion Lane
Mandeville, LA 70471 USA
+1 (800) 847-PUMP (7867)

***Aberdeen, UK***
Unit C2/C3
Lombard Centre  Kirkhill Place
Dyce, Aberdeen AB21 0GU Scotland
+ 44 (0)1224 775205

***Dubai, UAE***
Jebel Ali Free Zone
PO Box 262131 Dubai, UAE
+971 (50) 240 4737

***Singapore***
tel: +65 6261 7687
fax: +65 6261 7686

September 12, 2016

Mr. Garfin
Counsel for Mr. Tyrone Holmes

Dear Mr. Garfin,

Please be advised that our Information Security department has ascertained information proving that your client is in possession of our equipment. This equipment has been tracked since leaving our facility. We have legally collected ample information to prove that your client is in possession of property belonging to CheckPoint Fluidic Systems International. If this equipment is returned immediately, in its original condition complete with all original parts and pieces, we will not move further to pursue legal action. I have no knowledge or interest in identifying your client or learning further about the details, which put him in possession of our equipment.

As a further condition of this agreement, I would require this matter be resolved through our mutual contact at the NYPD, Detective Rodrigo Caballero. I see no reason for your client, Mr. Holmes, to have any knowledge of our organization or its employees. To conclude our arrangement, please certify that our organization and staff shall remain anonymous to your client.

Regards,

Bobbi Jo Bridges
VP Operations

EXHIBIT C

From: **Jeff Garfin** garfinlaw@gmail.com
Subject: Fwd: serial #
Date: September 13, 2016 at 4:35 PM
To: Tyrone Holmes tymax@me.com



Jeffrey D. Garfin, Esq.
Law Offices of Jeffrey D. Garfin, LLC
*Licensed to Practice in NY, CT & MA
        718-360-4660

Brooklyn Office:
1811 Quentin Road, Suite 1H
Brooklyn, NY 11229

Queens Office
136-20 38th Avenue, Suite 3-G
Flushing, NY 11354

---------- Forwarded message ----------
From: **CABALLERO, RODRIGO** <RODRIGO.CABALLERO@nypd.org>
Date: Tue, Sep 13, 2016 at 4:34 PM
Subject: serial #
To: Jeff Garfin <garfinlaw@gmail.com>

Apple Macbook Pro MJLQ2LL/A 15-inch Laptop (2.2 GHz Intel Core i7 Processor, 16GB RAM, 256 GB Hard Drive, Mac OS X)

Serial number: C02RQ1T3G8WN

**Detective Rodrigo Caballero**

**Central Investigation Devision**

**300 Gold St**

**Brooklyn, NY  11201**

**Office** (718) 330-8763

**Fax**    (718) 330-3050

**Email** rodrigo.caballero@nypd.org

EXHIBIT D



From: **Haqq Islam** a.haqq.islam@gmail.com
Subject: Re: Tyrone Holmes
Date: September 21, 2016 at 3:57 PM
To: Tyrone Holmes tymax@mac.com
Cc: LaVaba Mallison lavaba@gmail.com

This is CRAZY!!!!

Sent from my iPhone

On Sep 21, 2016, at 2:57 PM, Tyrone Holmes <tymax@mac.com> wrote:

Begin forwarded message:

From: Jeff Garfin <garfinlaw@gmail.com>
Subject: Fwd: Tyrone Holmes
Date: September 21, 2016 at 2:52:36 PM EDT
To: Ty Max <tymax@mac.com>, Robert Leino <rgleino@leinolaw.com>, Nicholas Kaizer <nkaizer@landklaw.com>

Jeffrey D. Garfin, Esq.
Law Offices of Jeffrey D. Garfin, LLC
*Licensed to Practice in NY, CT & MA
    718-360-4660

Brooklyn Office:
1811 Quentin Road, Suite 1H
Brooklyn, NY 11229

Queens Office
136-20 38th Avenue, Suite 3-G
Flushing, NY 11354

---------- Forwarded message ----------
From: CABALLERO, RODRIGO <RODRIGO.CABALLERO@nypd.org>
Date: Wed, Sep 21, 2016 at 2:15 PM
Subject: RE: Tyrone Holmes
To: Jeff Garfin <garfinlaw@gmail.com>

Good afternoon Mr. Garfin, I'm going to proceed with an arrest for CPSP 4th.   Please have
your client surrender to the 047 pct tomorrow at 1PM.  Thank you, Det. Caballero.

**From:** Jeff Garfin [mailto:garfinlaw@gmail.com]
**Sent:** Wednesday, September 21, 2016 12:44 PM
**To:** CABALLERO, RODRIGO <RODRIGO.CABALLERO@nypd.org>
**Cc:** Robert Leino <rgleino@leinolaw.com>; Nicholas Kaizer <nkaizer@landklaw.com>
**Subject:** Tyrone Holmes

Dear Detective Caballero,

Please see attached.

Jeffrey D. Garfin, Esq.

Law Offices of Jeffrey D. Garfin, LLC
*Licensed to Practice in NY, CT & MA
718-360-4660

Brooklyn Office:

1811 Quentin Road, Suite 1H
Brooklyn, NY 11229

Queens Office
136-20 38th Avenue, Suite 3-G
Flushing, NY 11354

EXHIBIT E

# LAW OFFICES OF JEFFREY D. GARFIN, LLC

1811 Quentin Rd., Suite 1H
Brooklyn, NY 11229
Tel:    718 360-4660
Fax:    718-504-7982
garfinlaw@gmail.com

136-20 38th Ave, Suite 3G
Flushing, NY 11354
(By Appointment only)
Tel:718-889-6396

*Licensed to practice in NY, CT & MA*

---

I, Detective Rodrigo Caballero acting with complete authority of the New York City Police

Department and any and all Prosecutorial agencies under which it may be acting, upon receipt of

one Apple Computer, Apple Macbook Pro MJLQ2LL/A 15-inch Laptop Serial number:

C02RQ1T3G8WN which upon information and belief has been found to contain sensitive

proprietary information and software belonging to a third party, hereby release Tyrone Holmes

and his successors, assigns, associates of any criminal prosecution, claim, demand, cause of

action whatsoever relating to the acquisition, possession or alleged possession of this device by

Mr. Holmes or any friend, associate, or members of Mr. Holmes' family.

10/4/16

Rodrigo Caballero
Central Investigations Division
New York City Police Department
300 Gold Street
Brooklyn, NY 11201

Received on 10/4/16
@ 7:30 P.M.
loc: Chelsea Mini-Storage
626 W 28 St- NYC