UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYRONE HOLMES,

                    Plaintiff,                              Case No. 1:17-cv-04557-ER

     *-against-*

APPLE INC., AMAZON.COM, LLC, and
CHECKPOINT FLUIDIC SYSTEMS
INTERNATIONAL, LTD.,

                    Defendants.
------------------------------------------------------------X

**MEMORANDUM OF LAW OF
DEFENDANT CHECKPOINT TO DISMISS
<u>FOR LACK OF PERSONAL JURISDICTION</u>**

Brian D. Graifman, Esq.
BORAH, GOLDSTEIN, ALTSCHULER,
  NAHINS & GOIDEL, P.C.
377 Broadway
New York, New York 10013
(212) 431-1300

*Attorneys for Defendant CheckPoint
Fluidic Systems International, Ltd.*

## **TABLE OF CONTENTS**

Preliminary Statement.................................................................................................................1

Facts ..........................................................................................................................................1

ARGUMENT:

THE COURT LACK PERSONAL JURISDICTION OVER CHECKPOINT ........................4

   A.  No Jurisdiction Under the New York Law........................................................................4

      1.  There Is No N.Y. General Jurisdiction Over Checkpoint……………………..4

      2.  There Is No N.Y. Long Arm Jurisdiction Over Checkpoint ………………… 5

   B.  Jurisdiction Would Violate Constitutional Due Process ..................................................6

      1.  There Is No General Jurisdiction Over Checkpoint Constitutionally………….7

      2.  There Is No Case-Specific Jurisdiction Over Checkpoint Constitutionally……7

CONCLUSION .......................................................................................................................10

Defendant CheckPoint Fluidic Systems International, Ltd. ("CheckPoint") submits this memorandum of law in support of its motion to dismiss for lack of jurisdiction.

## Preliminary Statement

CheckPoint's laptop computer loaded with its software and bearing its property sticker disappeared en route via FedEx from Lousiana to Dubai and somehow ended up under the control of plaintiff and/or his estranged wife in New York.  CheckPoint reported the events to Fed-Ex in Louisiana, which contacted Louisiana police, which contacted the NYPD, which successfully recovered and returned it to CheckPoint.

This Court lacks personal jurisdiction over CheckPoint due to its insufficient contacts with New York.  CheckPoint has no general contacts with New York.  Nor does it have case-specific contacts:  It did not target New York; rather it monitored information reported from its misappropriated computer to facilitate its return, which computer solely by reason of plaintiff and his cohort was harbored in New York.  Contact for jurisdiction cannot be caused by plaintiff alone.  Walden v. Fiore, 134 S. Ct. 1115 (2014).  The action should be dismissed.  Fed. R. Civ. P. 12(b)(2).

## Facts

The facts are set forth in the accompanying affidavits of Andrew C. Elliott (**"No Contacts Affidavit"**) (with exhibits A-B); Bobbi Jo Bridges (**"Timeline Affidavit"**); and Ruston Mahoney (addressing the laptop, FedEx and Kaseya software) (**"Laptop Affidavit"**) (with its exhibits A-H), each sworn to on October 4, 2017.

In short, CheckPoint is a Texas partnership with its principal place of business in Louisiana (Exh. A to No Contacts Aff.).  It manufactures and services pump equipment (*see* No Contacts Aff. at pgs. 1-2, citing Compl. at pg. 3 introduction line 6; ECF Dco. 37 at 2).  It has

1

no general contacts with New York (No Contacts Aff. & exhibits) and no specific contacts other than plaintiff ending up with its misappropriated computer in the Bronx and Manhattan before NYPD returned it to CheckPoint.

CheckPoint purchased the computer from Amazon on June 2, 2016 (approximately a month prior to plaintiff's claimed purchase) (Laptop Aff. at 1 & Exh. A thereto).  Upon its arrival CheckPoint configured it with a computer name "Ewens-MBP.home"; and with Kaseya software, a cloud-based tool that allows CheckPoint's computer administrator to remotely manage each agent's computer, including remote control, remote file access, hardware and software auditing, anti-virus protection, and automated patch management (Laptop Aff. at 2-3). CheckPoint placed a "Property of CheckPoint Pumps" label on the bottom of it, taking a photograph of same (Laptop Aff. at 2 & Exh. B thereto).  CheckPoint repackaged the computer for shipping (Laptop Aff. at 2).[1]

CheckPoint then entrusted it to Fed-Ex in Louisiana on June 7, 2016, for delivery to Dubai (Laptop Aff. at 3 & Exhs. C-D).  It went missing while in Fed-Ex transit.[2]  CheckPoint contacted FedEx on June 15, 2016, for lost-package assistance (Timeline Aff. at 2).

On June 23, 2016, CheckPoint's IT officer/computer administrator utilizing the Kaseya console noticed that the missing "agent" was on-line, and took a screen-shot of the Kaseya agent information window (Laptop Aff. at 3 & Exh. E).  As the screenshot indicates, the Kaseya monitor reported, among other things, (a) an IP (internet protocol) address, displayed as a series of numbers: "192.168.1.3"; (b) the user as "Stephanie Scott"; (c) the computer name Ewens-

---

[1]    No bubble-wrap or shrink wrap was used (Laptop Aff. at 2) (as plaintiff stated at the Sept. 14 court conference was on his computer).

[2]    Laptop Aff. at Exh. D last pg. (sort location in Memphis) & Exh. F (email of theft report to Kenner PD made by Kenneth Meyer of FedEx, indicating at theft report pg. 2:  "LAST SCANNED AT FEDEX").

MBP. Home (the same name CheckPoint had configured on the missing computer) (Laptop Aff. at 3 & Exh. E).  A Google search on the IP address revealed it was registered to "Optimum Online" with service in Bronx, NY (Laptop Aff. at 3).  Later monitoring indicated use at other IP addresses when the computer was connected to the internet (Laptop Aff. at 4).

In the meantime, CheckPoint continued communicating with Fed-Ex in regard to the missing computer.  CheckPoint was contacted by a FedEx security member, who filed a theft report with City of Kenner (Louisiana) Police Department (without CheckPoint's involvement) (Laptop Aff. at 4 & Exh. F).  Kenner PD apparently contacted the NYPD (without CheckPoint's participation) (Laptop Aff. at 4).  The NYPD then contacted CheckPoint about its investigation (*id.*).  CheckPoint did not initiate nor make direct initial contact with the NYPD and was not involved in any contact, discussions, meetings, investigations or arrangements with the NYPD and Mr. Holmes (*id.*).

The computer was then recovered by the NYPD with CheckPoint's ownership sticker still adhered and returned it to CheckPoint (Laptop Aff. at 4 & Exhs. G & H).

Plaintiff now brings this action, claiming that he purchased the subject computer from Amazon.com on a later date than CheckPoint's purchase.[3]  Plaintiff alleges as against CheckPoint negligence, and seeks in excess of $75,000 in damages (Complaint 4th Cause of Action, ECF Doc. 1 at ¶¶ 92-96).

---

[3]    Plaintiff produces no document showing that the computer he purchased from Amazon.com is the same as CheckPoint's computer.  Plaintiff's shifty/shifting story in a prior version was that he purchased the computer directly from an Apple Store on the Upper West Side of New York City, providing a copy of the receipt (ECF Doc. 38-3).

<u>**ARGUMENT**</u>

**THE COURT LACKS PERSONAL**
<u>**JURISDICTION OVER CHECKPOINT**</u>

Personal jurisdiction in a diversity case

> is determined in accordance with the law of the forum in which the federal
> court sits.  <u>Whitaker v. American Telecasting Inc.</u>, 261 F.3d 196, 208 (2d Cir.
> 2001) (*citing* <u>Bensusan Rest. Corp. v. King</u>, 126 F.3d 25, 27 (2d Cir. 1997)).
> This determination involves a two-step analysis.  <u>Chloé v. Queen Bee of
> Beverly Hills, LLC</u>, 616 F.3d 158, 163 (2d Cir. 2010).  In New York, the
> Court must first determine whether personal jurisdiction is appropriate
> pursuant to the State's general jurisdiction statute, New York Civil Practice
> Law and Rules ("C.P.L.R.") § 301.  Plaintiffs . . . may also rely on the long-
> arm statute of the state in which the suit is filed, here, C.P.L.R. § 302(a).  If
> and only if the Court's exercise of personal jurisdiction is deemed appropriate
> according to New York law, the second step is an evaluation of whether the
> Court's exercise of personal jurisdiction comports with the Fifth Amendment
> Due Process Clause of the United States Constitution.  <u>Chloé</u>, 616 F.3d at
> 164; <u>Best Van Lines, Inc. v. Walker</u>, 490 F.3d 239, 242 (2d Cir. 2007).

<u>Mount Whitney Investments, LLLP v. Goldman Morgenstern & Partners Consulting, LLC</u>, No.

15 Civ. 4479 (ER), 2017 WL 1102669, at *3 (S.D.N.Y. Mar. 23, 2017) (certain source citations

omitted or modified) (Edgardo Ramos, J.). [4]  Plaintiff bears the burden of establishing

jurisdiction.  <u>Id.</u>

Jurisdiction over CheckPoint fails under any of the tests.

**A.**     <u>**No Jurisdiction Under New York Law**</u>

**1.**     <u>**There is no N.Y. General Jurisdiction Over CheckPoint**</u>

New York's general jurisdiction statute, CP LR § 301, reads:  "A court may exercise such

jurisdiction over persons, property, or status as might have been exercised heretofore."  With

respect to *in personam* jurisdiction, this section preserves four potential bases in view of the

---

[4]     The unpublished <u>Mount Whitney</u> decision is filed as ECF Doc. No. 35-2 in this case
(Local Civ. R. 7.2).

advent of long arm jurisdiction under CPLR 302.  Those bases are "presence, consent, domicile, [and] doing business . . . jurisdiction."  Vincent C. Alexander, Practice Commentaries C301:1, N.Y. C.P.L.R. 301 (McKinney 2016).

As set forth in the accompanying No Contacts Affidavit, CheckPoint has no presence in New York; has not consented to jurisdiction in New York; is not domiciled in New York; and is not doing and has not done business in New York.  There is therefore no basis for general jurisdiction over it.  *See* Mount Whitney, *supra*, at *4.

**2.      There is no N.Y. Long Arm Jurisdiction Over CheckPoint**

New York's long arm jurisdiction is explained in Mount Whitney:

> Under Section 302(a), a court may exercise personal jurisdiction over any non-domiciliary who, either in person or through an agent: (1) "transacts any business within the state or contracts anywhere to supply goods or services in the state;" (2) "commits a tortious act within the state . . ." or (3) "commits a tortious act without the state causing injury to person or property within the state . . . [if he] (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state." C.P.L.R. § 302(a)(1)-(4).

Mount Whitney, *supra*, at *4.  Personal jurisdiction under 302(a)(2) (commits tortious act within the state) "arises . . . only pursuant to actions taken while *physically within New York State*."  Mount Whitney at *5 (emphasis in original).

As explained in the No Contacts Affidavit, CheckPoint does not transact business in the state or supply goods or services in the state (CPLR 302(a)(1)).  Nor did it commit any tortious act and certainly not one while physically within the state (CPLR 302(a)(2)).  Nor has it (i) regularly done or solicited business, or engaged in any other persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered, in the state; or

(ii) expected or should reasonably have expected any act with regard to its computer being shipped via Fed-Ex from Louisiana to Dubai to have had consequences in the state (CPLR 302(a)(3)).  Nor has it owned, used or possessed any real property situated within the state (CPLR 302(a)(4)).

**B.      <u>Jurisdiction Would Violate Constitutional Due Process</u>**

When the Court finds that personal jurisdiction "is proscribed by the laws of New York, the Court need not engage in a due process analysis." <u>Mount Whitney</u> at *6.  Nonetheless, jurisdiction over CheckPoint would violate due process.

> Due process demands that defendants have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." <u>International Shoe Co. v. Wash.</u>, 326 U.S. 310, 316 (1945) (internal citations omitted).  Where a non-domiciliary "avails itself of the benefits of the forum, has sufficient minimum contacts with it, and should reasonably expect to defend its actions there," the Court's exercise of personal jurisdiction will not offend due process.  <u>Kreutter v. McFadden Oil Corp.</u>, 71 N.Y.2d 460, 466, 527 N.Y.S.2d 195, 198 (1988).

<u>Ikeda v. J. Sisters 57, Inc.</u>, No. 14-CV-3570 ER, 2015 WL 4096255, at *6 (S.D.N.Y. July 6, 2015) (citation modified) (Edgardo Ramos, J.). [5]

> There are two types of jurisdiction, general and specific.  General jurisdiction may only be asserted where the parties' contacts with the forum state are "continuous and systematic" and may apply "irrespective of whether the claim arises from or relates to the defendant's forum contacts." <u>U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.</u>, 241 F.3d 135, 152 (2d Cir.2001)).  Alternatively, specific jurisdiction is implicated when "the claim arises out of, or relates to, the defendant's contacts with the forum" such that it can be said that it " 'purposefully availed' itself of the privilege of doing business in the forum and could foresee being 'haled into court' there." <u>Id.</u> (quoting <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 475 (1985)).

<u>Ikeda</u>, *supra*, at *6 (certain quotation source omitted & modified).

---

[5]      The unpublished <u>Ikeda</u> decision is filed as ECF Doc. No. 35-3 in this case (Local Civ. R. 7.2).

1.      **There is No General Jurisdiction Over CheckPoint Constitutionally**

General jurisdiction is proper over a foreign entity where its affiliations with the State are so continuous and systematic as to render it "essentially at home in the forum State."  Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014).  CheckPoint has no contacts or affiliations within the state that would subject it to general jurisdiction.

2.      **There is No Case-Specific Jurisdiction Over CheckPoint Constitutionally**

In Walden v. Fiore, 134 Sup. Ct. 1115 (2014), a unanimous Supreme Court held that an airport police officer in Georgia who seized cash from airline passengers traveling back to Nevada lacked minimum contacts with Nevada, even if he knew that his allegedly tortious conduct in Georgia would delay return of funds to the passengers with connections to Nevada:

> First, the relationship must arise out of contacts that the "defendant *himself*" creates with the forum State.  Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties.   We have consistently rejected attempts to satisfy the defendant-focused "minimum contacts" inquiry by demonstrating contacts between the plaintiff (or third parties) and the forum State. *See* Helicopteros Nacionales de Colombia, *S.A. v. Hall,* 466 U.S. 408 (1984) ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction"). . . . Put simply, however significant the plaintiff's contacts with the forum may be, those contacts cannot be "decisive in determining whether the defendant's due process rights are violated."

Walden, 134 Sup. Ct. at 1122 (various source citations & parenthetical quotes omitted).

> Second, our "minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there. . . .
>
> [T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. . . . [A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction.  Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State,

not based on the "random, fortuitous, or attenuated" contacts he makes by
interacting with other persons affiliated with the State.

Walden, 134 Sup. Ct. at 1122-23 (source citations & parenthetical quotes omitted).

These same principles apply when intentional torts are involved.  In that
context, it is likewise insufficient to rely on a defendant's "random, fortuitous,
or attenuated contacts" or on the "unilateral activity" of a plaintiff.  A forum
State's exercise of jurisdiction over an out-of-state intentional tortfeasor must
be based on intentional conduct by the defendant that creates the necessary
contacts with the forum.

Walden, 134 S. Ct. at 1123 (citation omitted).

Respondents emphasize that they suffered the "injury" caused by petitioner's
allegedly tortious conduct (*i.e.,* the delayed return of their gambling funds)
while they were residing in the forum. This emphasis is likewise misplaced.
. . . The proper question is not where the plaintiff experienced a particular
injury or effect but whether the defendant's conduct connects him to the forum
in a meaningful way.

Respondents' claimed injury does not evince a connection between petitioner
and Nevada.  Even if we consider the continuation of the seizure in Georgia to
be a distinct injury, it is not the sort of effect that is tethered to Nevada in any
meaningful way.  Respondents (and only respondents) lacked access to their
funds in Nevada not because anything independently occurred there, but
because Nevada is where respondents chose to be at a time when they desired
to use the funds seized by petitioner.  Respondents would have experienced
this same lack of access in California, Mississippi, or wherever else they
might have traveled and found themselves wanting more money than they
had. . . . [T]he effects of petitioner's conduct on respondents are not connected
to the forum State in a way that makes those effects a proper basis for
jurisdiction

Walden, 134 S. Ct. at 1125.

The Seventh Circuit has explained that "after Walden there can be no doubt that 'the

plaintiff cannot be the only link between the defendant and the forum.'  Any decision that

implies otherwise can no longer be considered authoritative."  Advanced Tactical Ordnance

Systems, LLC v. Real Action Paintball, Inc., 751 F.3d 796, 802 (7th Cir. 2014) (quoting

Walden, 134 S. Ct. at 1122).

8

Advanced Tactical is the only federal appellate decision we find that addresses Walden in the context of virtual contacts.  The Seventh Circuit, by a unanimous panel, held that defendant's sending of two allegedly misleading emails to a list of subscribers that included Indiana residents did not subject defendant to jurisdiction in Indiana (751 F.3d at 802):

> Such a relation would be entirely fortuitous, depending wholly on activities out of the defendant's control.  As a practical matter, email does not exist in any location at all; it bounces from one server to another, it starts wherever the account-holder is sitting when she clicks the "send" button, and it winds up wherever the recipient happens to be at that instant.  The connection between the place where an email is opened and a lawsuit is entirely fortuitous.  We note as well that it is exceedingly common in today's world for a company to allow consumers to sign up for an email list.  We are not prepared to hold that this alone demonstrates that a defendant made a substantial connection to each state (or country) associated with those persons' "snail mail" addresses.  It may be different if there were evidence that a defendant in some way targeted residents of a specific state, perhaps through geographically-restricted online ads.  But in such a case the focus would not be on the users who signed up, but instead on the deliberate actions by the defendant to target or direct itself toward the forum state.

Advanced Tactical, 751 F.3d at 803 (citations omiited).

Here, CheckPoint's computer being used in New York was solely the doing of plaintiff and his partner, and from CheckPoint's perspective fortuitous.  CheckPoint's Kaseya monitor initially reported the misappropriated computer being used at an IP address of "192.168.1.3" and later other IP addresses.  Only through a Google search of this virtual address, along with monitoring the computer's other activity, did information come to CheckPoint's attention that the computer was suspected of being in New York (Laptop Aff. at 3-4).  Similar to the email addresses in Advanced Tactical, the IP addresses were associated with New York solely due to the use by plaintiff and/or his estranged wife.  The connection to New York is even less so than the connection to Indiana in Advanced Tactcal.  While the defendant there arguably could have associated the email addresses with the state beforehand, that cannot be said of CheckPoint,

9

which had no idea beforehand of where its computer was, nor any reason to know, nor any connection with plaintiff or his estranged wife other than their having ended up with its misappropriated computer.

CheckPoint's connection to the forum arises solely out of the unilateral activities of plaintiff and/or his estranged wife.  Under Walden, this is insufficient a basis to subject CheckPoint to jurisdiction in New York.

## **CONCLUSION**

The case should be dismissed as against CheckPoint for lack of personal jurisdiction.

Dated:  New York, New York
         October 9, 2017

By: _____/s_____
          Brian D. Graifman
          BORAH, GOLDSTEIN, ALTSCHULER,
          NAHINS & GOIDEL, P.C.
          377 Broadway
          New York, New York 10013
          (212) 431-1300
          bgraifman@borahgoldstein.com
          *Attorneys for Defendant CheckPoint*
          *Fluidic Systems International, Ltd.*