UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE HOLMES,

          Plaintiff,

– against –

APPLE, INC., AMAZON.COM, LLC, and
CHECKPOINT FLUIDIC SYSTEMS
INTERNATIONAL, LTD.,

          Defendants.

**ORDER**

17 Civ. 4557 (ER)

RAMOS, D.J.:

    Tyrone Holmes, proceeding *pro se*, brought this lawsuit on June 16, 2017, asserting eight causes of action against Defendants Apple Inc. ("Apple"), Amazon.com, LLC ("Amazon"), and CheckPoint Fluidic Systems International, Ltd. ("CheckPoint"). Doc. 1. On July 23, 2018, the Court granted Apple's motion for judgment on the pleadings and CheckPoint's motion to dismiss. Doc. 121. With respect to Amazon, the Court entered judgment for Amazon on three of the claims against it, granted summary judgment in its favor on four others, and, at its request, entered judgment against it on a breach of contract claim. *Id.* Before the Court is Amazon's motion for an assessment of costs pursuant to Federal Rule of Civil Procedure 68. Doc. 131.

    For the following reasons, Amazon's motion is GRANTED.

## I.    BACKGROUND

    The Court assumes familiarity with its prior opinion in this case, *Holmes v. Apple, Inc.*, No. 17 Civ. 4557 (ER), 2018 WL 3542856 (S.D.N.Y. July 23, 2018), as well as with its opinion in the related case, *Holmes v. City of New York*, No. 19 Civ. 1628 (ER), 2020 WL 918611 (S.D.N.Y. Feb. 26, 2020). The following facts are only those pertinent to resolve the motion at hand.

    On December 29, 2017, Amazon offered Holmes an offer of judgment in the amount of $2,351.12—the price of the Apple computer and corresponding Apple Care

plan Holmes purchased from the retailer. Doc. 133, Ex. 1. In its letter, Amazon advised Holmes that "if [he] were to proceed to trial and recover a judgment less than or equal to the amount of this offer, then [he] would be personally liable to Amazon for its legal costs from this point forward." *Id.* Holmes declined the offer. *Id.*, Ex. 2. The Court subsequently entered judgment on the breach of contract claim in favor of Holmes and against Amazon, at Amazon's request, in the amount of $2,351.12. Doc. 121 at 21–22. To the Court's knowledge, Amazon deposited this amount with the Clerk of Court and there it remains. Doc. 133, Ex. 3.

Holmes appealed this Court's decision to the Second Circuit, and the Second Circuit affirmed via summary order on December 9, 2019. *See Holmes v. Apple, Inc.*, No. 18 Civ. 2492, 2019 WL 6696939 (2d Cir. Dec. 9, 2019). The Second Circuit also remanded the case to this Court to give Amazon the opportunity to move for costs pursuant to Federal Rule of Civil Procedure 68(d), since Holmes had previously rejected an offer of judgment for $2,351.12 and subsequently received a judgment in that amount. *Id.* at *4. The Second Circuit found that "Amazon's offer of $2,351.12 provided complete relief on Holmes's breach of contract claims." *Id.*

On February 3, 2020, Amazon filed the instant motion for an assessment of costs. Doc. 131.

## II. DISCUSSION

Rule 68 provides in relevant part that:

> [A] party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. . . . If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68(a), (d). "Rule 68 is a cost-shifting rule designed to encourage settlements without the burdens of additional litigation." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 229 (2d Cir. 2006). "[A]ll costs properly awardable in an action are

to be considered within the scope of Rule 68 'costs.'"[1] *Marek v. Chesny*, 473 U.S. 1, 9 (1985).

Rule 68's language is mandatory, stating that "the offeree *must* pay the costs incurred." Fed. R. Civ. P 68(d) (emphasis added). In his opposition, Holmes does not dispute that Amazon made him an offer of judgment, that he rejected the offer, and that judgment was later entered in his favor in precisely the same amount. He seeks, instead, to relitigate the underlying facts of this case and its appeal with arguments that this Court has heard and rejected numerous times. This is not the appropriate vehicle for such contentions. To the extent Holmes argues that Amazon's offer was a sham, this conclusion has been foreclosed by the Second Circuit's finding that "Amazon's offer of $2,351.12 provided complete relief on Holmes's breach of contract claims." 2019 WL 6696939, at *4. The Court will therefore grant Amazon's motion for assessment of costs.

### III. CONCLUSION

For the foregoing reasons, Amazon's motion is GRANTED. Amazon is directed to submit a bill of costs within ten days. The Clerk of Court is respectfully directed to terminate the motion, Doc. 131.

It is SO ORDERED.

Dated: April 14, 2020
New York, New York

EDGARDO RAMOS, U.S.D.J.

---

[1] Amazon's motion is silent as to exactly what costs it intends to seek. The Court notes, however, that because attorney's fees are generally not available in actions for contract claims (absent a contractual obligation to the contrary), *see Singer v. Xipto Inc.*, 852 F. Supp. 2d 416, 426–27 (S.D.N.Y. Mar. 30, 2012) (collecting cases), they would likely not be appropriate here.

3