USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 06/27/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE HOLMES,

            Plaintiff,

v.

APPLE INC., AMAZON.COM, LLC, and
CHECKPOINT FLUIDIC SYSTEMS
INTERNATIONAL, LTD.,

            Defendants.

17-CV-4557 (RA)

MEMORANDUM
OPINION AND ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Tyrone Holmes, proceeding *pro se*,[1] filed this action in 2017 against Apple Inc., Amazon.com, LLC, and Checkpoint Fluidic Systems International, Ltd. (collectively, "Defendants") alleging various contract and tort claims. Holmes' claims stemmed from his purchase of an Apple laptop from Amazon: he asserted that the laptop was not new as advertised, but instead had previously been owned by Checkpoint, who had installed tracking software on the laptop, and that after Checkpoint had shipped the laptop to Dubai it went missing in transit. Holmes alleged that Amazon then sold the laptop to him, at which point Checkpoint used the tracking software to track it to Holmes and his wife, from whom the New York City Police Department recovered the computer.

    On July 23, 2018, District Judge Ramos issued an opinion and order granting Checkpoint's motion to dismiss for lack of jurisdiction; granting Apple's motion for entry of judgment on the pleadings; and granting Amazon summary judgment on all claims except for one, on which judgment was entered against Amazon in the amount of $2,351.00. Judge Ramos also denied

---

[1] Holmes was represented by Alex Antzoulatos from May 10, 2018 to May 29, 2018 and by Robert Leino from August 21, 2018 to April 3, 2020.

Plaintiff's motion to amend his complaint. Plaintiff appealed, and the Second Circuit affirmed Judge Ramos' ruling in full on *de novo* review. The Circuit's mandate issued on January 6, 2020.

Two years after the mandate had issued and the case had closed, Judge Ramos disclosed that it had been brought to his attention that, "well after the case was filed but while he still presided over the case, he owned stock in Apple Inc." *See* January 21, 2022 Clerk of Court Letter. According to Judge Ramos, his ownership of that stock "neither affected nor impacted his decisions" in the case. *See id.* That said, Judge Ramos recognized in the disclosure letter that his stock ownership might have required recusal under the Code of Conduct for United States Judges. *See id.* According to Judge Ramos' 2019 financial disclosure report, his Apple stock was an inherited investment with a total value of $15,000 or less, and he had gained $1,000 or less in income from that stock during 2019. *See* Chanoine Dec. Ex. A.

In response to this disclosure, Plaintiff has moved to vacate the judgment against him. He asserts that Judge Ramos' financial stake in Apple rendered him biased (or, at the very least, created the appearance of impartiality) and thus required his disqualification. *See* 28 U.S.C. § 455(a) ("Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."). Plaintiff also seeks relief from judgment on the ground that Amazon's counsel committed fraud on the court by representing to the Circuit panel during oral argument that there were two computers at issue in this case. For the following reasons, Plaintiff's motion is denied.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time

2

to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Rule 60(b)(6) is a "catch-all provision" that is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Metzler Inv. Gmbh v. Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 143 (2d Cir. 2020).[2] "Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). "The burden of proof on a Rule 60(b) motion is on the party seeking relief from the earlier judgment or order," *In re Gildan Activewear, Inc. Sec. Litig.,* No. 08-CV-5048 (HB), 2009 WL 4544287, at *2 (S.D.N.Y. Dec. 4, 2009), who "has an onerous standard to meet," *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001).

Federal Rule of Civil Procedure 60(d)(3) provides that, notwithstanding the limitations of Rule 60(b), a court has the power to "set aside a judgment for fraud on the court." To state a claim for relief under Rule 60(d)(3), a litigant must allege a "fraud on the court" that "seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko,* 860 F.2d 556, 559 (2d Cir. 1988). In other words, the rule "embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases." *Hadges v.*

---

[2] Unless otherwise noted, case quotations omit all internal citations, quotation marks, alterations, and footnotes.

*Yonkers Racing Corp.*, 48 F.3d 1320, 1325 (2d Cir. 1995). A plaintiff must also show that such relief is necessary "to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

Because Plaintiff is currently proceeding *pro se*, the Court interprets his filings to "raise the strongest arguments that they suggest." *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996).

## DISCUSSION

The Court assumes the parties' familiarity with the underlying facts and procedural history of this case.

Reviewing Plaintiff's claims with the special solicitude due to *pro se* pleadings, the Court finds that Plaintiff has not shown that he is entitled to relief under any prong of Rule 60, because any error that may possibly have resulted from Judge Ramos' failure to recuse himself is rendered harmless by the Circuit's *de novo* affirmance. *See Faulkner v. National Geographic Enters., Inc.*, 409 F.3d 26, 42 n.10 (2d Cir. 2005) (holding that "[g]iven [that court's] disposition of the Faulkner appellants' claims, [the district court's] denial of the recusal motion was at most harmless error as to them"); *accord Camacho v. Autoridad de Telefonos de Puerto Rico*, 868 F.2d 482, 490 (1st Cir. 1989) ("Since we have independently confirmed the correctness of the lower court's decision, the judge's refusal to recuse himself was, at worst, harmless error."); *see also Paddington Partners v. Bouchard*, 34 F.3d 1132, 1144 (2d Cir. 1994) (describing Rule 60's baseline "requirement of the judgment's not having been affirmed on appeal"). In other words, that Plaintiff's claims "received a full review by an impartial panel," *Williamson v. Indiana Univ.*, 345 F.3d 459, 465 (7th Cir. 2003), ameliorates any concerns about Judge Ramos' financial stake in Apple impacting his July 23, 2018 opinion, or about public confidence in an unbiased judiciary.

Plaintiff attempts to cast doubt on the validity of the Second Circuit's affirmance by arguing that Amazon committed fraud on the court during oral argument, tainting the Circuit's decision and justifying relief from its ruling. He specifically takes issue with Amazon's counsel's statement during argument that "[t]here are two computers" at issue in this case. Reply MOL at 7. But Amazon's statement simply reflected its position throughout this litigation that the laptop it delivered to Holmes is a different laptop from the one recovered by the NYPD that contained Checkpoint's tracking software—a position that Judge Ramos agreed with in granting Amazon's summary judgment motion. *See* July 23, 2018 opinion at 26-28 (finding no genuine dispute of fact that "the laptop [Amazon] shipped to Holmes was not CheckPoint's laptop, but was a different computer altogether"). Amazon's maintaining its successful theory of the case on appeal does not constitute fraud on the court—to the contrary, it "is exactly what is expected in the normal adversary process." *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95-96 (2d Cir. 2002) (per curiam) (concluding that a plaintiff doing "no more than complain[ing] that the defendants disputed his version of the law and facts" was "insufficient to state a claim for fraud on the court"). Nor can fraud on the court occur where, as here, "[P]laintiff was afforded an opportunity for fair litigation of the dispute, because fraud on the court occurs only where the fraud seriously affects the integrity of the normal process of adjudication." *Weldon v. United States*, 845 F. Supp. 72, 82 (N.D.N.Y. 1994), *aff'd*, 70 F.3d 1 (2d Cir. 1995) (citing *Gleason*, 860 F.2d at 559).[3]

---

[3] Plaintiff also contends that Amazon's statement is inconsistent with Apple's representation at oral argument that "as far . . . as Apple is concerned, there was one shipment, of one computer, to Amazon." Reply MOL at 7. This theory suffers from two flaws. First, a defendant's position may be inconsistent with that of its co-defendant without being fraudulent. Second, Apple's and Amazon's statements are not necessarily inconsistent with one another: it could be the case that Apple shipped only one computer to Amazon *and* that the computer with the Checkpoint software is different from the computer Amazon shipped to Holmes.

Finally, Plaintiff characterizes as fraudulent CheckPoint's "reporting a computer as stolen, knowing that was not true, and falsely and fraudulently accusing Plaintiff of the theft." Reply Dec. to Apple's MOL at 7. But this allegation describes events that occurred prior to this litigation, not statements that were made to any court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate is denied. The Clerk of Court is respectfully directed to terminate the motion at docket 150 and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated:   June 27, 2022
         New York, New York

_____
Hon. Ronnie Abrams
United States District Judge